UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD L. JOHNSON and RONALD DSOUZA,

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

Case No.: 13-cv-10146

Hon. Patrick J. Duggan

## ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

This action, initiated by Plaintiff Edward Johnson against Defendant Wells Fargo Bank, National Association, arises out of a residential mortgage foreclosure.[1] The instant motion, filed by Johnson, seeks to remand this action, removed to this Court by Defendant on the basis of diversity jurisdiction on January 15, 2013, to the state courts. The Court deems this matter appropriate for decision without oral argument. E.D. Mich. LR 7.1(f)(2).

---

[1] The pleadings name two Plaintiffs, Johnson and Ronald Dsouza, both of whom are proceeding *in pro per*. Only Johnson, however, has signed the various pleadings. This raises an issue pursuant to Federal Rule of Civil Procedure 11(a), which provides: that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." The Rule further indicates that a court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). On February 7, 2013, this Court held a hearing on a preliminary injunction motion filed by "the Plaintiffs" but signed only by Johnson. The Court pointed out that Johnson, an *in pro per* plaintiff, could not represent Dsouza. Johnson indicated at the hearing that he "understood" where the Court "was going." However, he has done nothing to correct this defect.

Although there appears to be no dispute about the diversity of citizenship between the parties, the Motion to Remand argues that the jurisdictional amount is not satisfied. (Pls.' Mot. Remand ¶ 3.) Specifically, Johnson contends that remand is appropriate because the Amended Complaint, filed in Oakland County Circuit Court, requested "an amount of damages less than $75,000.00." (*Id.* ¶ 1.) Despite Johnson's artful attempts to prolong this litigation, the Amended Complaint seeks not only damages, but rescission of the now completed foreclosure sale. (*Id.* at 9.)

A sheriff's deed attached to Defendant's Response to Plaintiffs' Motion for Preliminary Injunction shows that the property was foreclosed and sold at a sheriff's sale on January 5, 2010. (Sheriff's Deed, Def.'s Resp. to Pls.' Mot. Prelim. Inj., Ex. 3.) Pursuant to Michigan law, the statutory redemption period expired on July 5, 2010. Mich. Comp. Laws § 600.3240(8). Defendant was the highest bidder at the sale, paying $405,000 for the property. (Sheriff's Deed, Def.'s Resp. to Pls.' Mot. Prelim. Inj., Ex. 3.)

Contrary to Johnson's contention, the jurisdictional amount is satisfied in this action because, in addition to seeking damages, the Amended Complaint seeks injunctive relief in the form of an Order from this Court rescinding the foreclosure sale. When a plaintiff seeks such relief, the amount in controversy is measured by the value of the subject matter of the litigation. *See, e.g.*, *Lorimer v. Berrelez*, 331 F. Supp. 2d 585, 591 (E.D. Mich. 2004). Here, the object at issue is the property located at 494 Pleasant Avenue, Birmingham, Michigan, and its value is $405,000. Consequently, the jurisdictional amount is satisfied, and the Court has subject matter jurisdiction over this

civil action. *Id.* (citing 28 U.S.C. § 1332; Fed. R. Civ. P. 12(b)(1) (additional citations omitted)).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.


Dated: February 15, 2013             s/PATRICK J. DUGGAN
                                     UNITED STATES DISTRICT JUDGE

Copies to:

Edward L. Johnson
494 Pleasant Street
Birmingham, MI 48009

Ronald Dsouza
494 Pleasant Street
Birmingham, MI 48009

Patrick C. Lannen
Matthew J. Boettcher