UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD L. JOHNSON and RONALD
DSOUZA,

        Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

Case No.: 13-cv-10146

Hon. Patrick J. Duggan

---

## OPINION AND ORDER

This action, brought against Defendant Wells Fargo Bank, National Association, arises out of a residential mortgage foreclosure.  Plaintiffs Edward Johnson and Ronald Dsouza, who are proceeding *in pro per*, seek reconsideration of this Court's denial of their Motion for Preliminary Injunction and also seek leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated herein, the Court denies Plaintiffs' motions.

## I.      FACTUAL AND PROCEDURAL BACKGROUND [1]

On December 26, 2012, Plaintiffs filed a Complaint and Motion to Stay Eviction in Oakland County Circuit Court.  Plaintiffs filed an Amended Complaint in state court

---

[1] The facts giving rise to this lawsuit have been laid out in detail in a previous Opinion and Order.  (3/6/2013 Op. & Order, ECF No. 14.)  As such, the Court only discusses the facts pertinent to the instant motions.

on January 2, 2013.[2]  On January 2, 2013, the state court granted Plaintiffs' Motion for an

Ex Parte Restraining Order and stayed eviction proceedings until further order.  The state

court scheduled a preliminary injunction hearing for January 16, 2013.  One day before

the scheduled hearing, Defendant removed the case to this Court on the grounds of

diversity jurisdiction.  28 U.S.C. §§ 1332, 1441, 1446.

On January 23, 2013, Plaintiffs filed a Motion for Preliminary Injunction with this

Court.  (ECF No. 2.)  The Court held a hearing on the preliminary injunction motion on

February 7, 2013.[3]  Because the Court took the motion under advisement and because

Defendant had already answered the Complaint, (ECF No. 4), the Court devised and

entered a Scheduling Order on the date of this hearing, (ECF No. 8).  The Scheduling

Order provides the following:

| Discovery due by: | May 7, 2013 |
| Dispositive Motion cut-off date: | June 1, 2013 |
| Final Pretrial Conference: | August 6, 2013 |

(ECF No. 8).

Plaintiffs' Motion for Preliminary Injunction was based on a Complaint containing

the following six causes of action: (1) Count I: "Breach of Consent Agreement and

Service Participation Agreement"; (2) Count II: "Michigan Mortgage Brokers, Lenders

and Service[r]s Act"; (3) Count III: Fraud; (4) Count IV: Innocent Misrepresentation; (5)

Count V: Negligence; and (6) Count VI: "Violation of the Michigan Consumer Protection

---

[2] So as to avoid confusion, the Court refers to the Amended Complaint filed with the state court as the Complaint.

[3] Also on February 7, 2013, Plaintiffs filed a Motion to Remand.  The Court denied this motion in an Opinion and Order dated February 15, 2013.  (ECF No. 11.)

Act." Having determined that Plaintiffs stood little chance of succeeding on the merits of the causes of action, the Court denied Plaintiffs' Motion for Preliminary Injunction in an Opinion and Order dated March 6, 2013. (ECF No. 14.)

On February 20, 2013, prior to the Court's issuance of the aforementioned Opinion and Order, Plaintiffs filed a Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 12.) Defendant did not respond. Since filing the Motion to Amend on February 20, 2013, Plaintiffs filed two additional motions on March 20, 2013: (1) a Motion for Reconsideration of the Court's March 6, 2013 Opinion and Order, (ECF No. 16); and (2) a Motion to File Second Amended Complaint, (ECF No. 17).

## II.     STANDARD OF REVIEW

**A.     Reconsideration**

Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration; it provides:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to

sway the judge.'" *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

**B.      Motion to Amend**

Federal Rule of Civil Procedure 15(a)(1) provides that a party may amend a pleading once as a matter of course within twenty-one days after service of the pleading, a responsive pleading, or a motion under Rule 12(b), (e), or (f).  Plaintiffs did not move for leave to amend within this timeframe.  Thus, Plaintiffs may amend only with the consent of the opposing party or leave of the Court.  Fed. R. Civ. P. 15(a)(2).

Pursuant to Rule 15(a)(2), leave to amend is to be freely given when justice so requires.  A motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

### III.      APPLICATION

Three motions are presently pending before this Court: (1) Plaintiffs' Motion for Reconsideration; (2) Plaintiffs' Motion to Amend; and (3) Plaintiffs' Motion to File Second Amended Complaint.  The Court addresses Plaintiffs' Motion for Reconsideration before addressing the motions to amend.

**A.      Motion for Reconsideration**

On March 20, 2013, Plaintiffs filed a Motion asking this Court to reconsider its March 6, 2013 Opinion and Order denying their Motion for Preliminary Injunction. Plaintiffs provide two arguments in support of their Motion for Reconsideration:

1. That Plaintiffs' proposed Second Amended Complaint set[s] forth valid State Law Causes of Action.

2. That since this Honorable Court has entered its Order on March 6, 2013, Plaintiffs have requested that the Defendant review their mortgage for any remediation program.

(Pls.' Mot. Reconsid. 1, ECF No. 16.)

Neither argument identifies a palpable defect with respect to the Court's March 6, 2013 Opinion and Order as they are based on actions occurring after the Court issued the Opinion and Order denying Plaintiffs' Motion for Preliminary Injunction. E.D. Mich. LR 7.1(h)(3). Both the Second Amended Complaint and the mortgage review request, submitted after the Court rendered the decision Plaintiffs ask this Court to review, are irrelevant to the circumstances existing at the time the Court denied the Motion for Preliminary Injunction.

Plaintiffs have not satisfied the standard for reconsideration and their Motion for Reconsideration is accordingly denied.

**B.    Motions to Amend**

Plaintiffs have filed two motions to amend, one on February 20, 2013, and the other on March 20, 2013. The Court construes Plaintiffs' filing of a second motion to amend before the Court had ruled on the first as rendering the February 20 Motion to Amend moot. The Court, therefore, confines the following discussion to Plaintiffs' March 20, 2013 Motion to File Second Amended Complaint.

Plaintiffs seek leave to file a second amended complaint from this Court pursuant to Rule 15(a)(2). Although "leave to amend a complaint should be granted liberally

when the motion is made pretrial[,]"*Russell v. GTE Gov't Systems Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (citation omitted), a court may deny a motion to amend if the amendment would be futile, *Foman*, 371 U.S. at 182, 83 S. Ct. at 230.

Plaintiffs' proposed Second Amended Complaint, attached as Exhibit 1 to Plaintiffs' Motion to File Second Amended Complaint, alleges the following counts: (1) Count I: Breach of the Service Participation Agreement; (2) Count II: Promissory Estoppel; (3) Count III: Negligence; and (4) Count IV: Violation of Michigan's Loan Modification Law, Michigan Compiled Laws § 600.3205a. (Second Am. Comp., Mot. to File Second Am. Compl. Ex. 1, ECF No. 17.) Plaintiffs seek an order requiring Defendant to review the mortgage for modification, rescission of the foreclosure sale, and damages. (*Id.*)

### 1.    *Effect of Michigan Foreclosure-by-Advertisement Statute*

In Michigan, statutory law governs foreclosure sales by advertisement. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the" entire process. *Id.* (citing Mich. Comp. Laws § 600.3201, *et seq*.). Mortgagors may redeem the foreclosed property within six months of a sheriff's sale. Mich. Comp. Laws § 600.3240(8). If no redemption is made, the sheriff's deed "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]" *Id.* § 600.3236.

In *Piotrowski v. State Land Office Board*, the Michigan Supreme Court held that mortgagors lose "all their right, title, and interest in and to the property at the expiration

of their right of redemption." 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942). This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period." *Hall v. Green Tree Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases).

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff makes "a clear showing of fraud, or irregularity" by the defendant. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Notably, the purported fraud or irregularity must relate to the foreclosure procedure. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

The property at issue was foreclosed and sold at a sheriff's sale on January 5, 2010. (Def.'s Resp. 1, ECF No. 5; Sheriff's Deed, Def.'s Resp., Ex. 3, ECF No. 5.) Defendant was the high bidder at the sale. (*Id.*) Pursuant to Michigan law, the statutory redemption period expired on July 5, 2010. Mich. Comp. Laws § 600.3240(8). Because

7

Plaintiffs seek rescission of the foreclosure sale, Plaintiff's proposed Second Amended Complaint must make a plausible showing of fraud or irregularity to state a viable claim. The proposed Second Amended Complaint does not allege fraud or misrepresentation. Thus, in order to avoid a finding of futility, the causes of action must allege an irregularity.

### 1.      *Counts I and III*

In rendering its decision on Plaintiffs' Motion for Preliminary Injunction, the Court discussed Counts I and III, finding that both counts lacked legal merit.  (3/6/2013 Op. & Order 7-8, 13-14, ECF No. 14.)  Nothing in Plaintiffs' proposed Second Amended Complaint persuades the Court that either count would be viable if the Court permitted the filing of such an amendment.  Thus, neither Count I nor Count III alleges an irregularity sufficient to set aside the foreclosure sale.

### 2.      *Count II: Promissory Estoppel*

Plaintiffs' proposed Second Amended Complaint seeks recovery on the basis of promissory estoppel.  Specifically, Plaintiffs allege that various statements regarding loan modifications and the foreclosure crisis contained in press releases from August 4, 2009 through December 5, 2012 induced Plaintiffs to submit two requests for review of Dsouza's mortgage.  (Second Am. Comp., Mot. to File Second Am. Compl. Ex. 1, ECF No. 17, at ¶¶ 29, 34.)  As relief, Plaintiffs seek to order Defendant to review the mortgage for modification, to rescind the foreclosure sale, and award damages.  (*Id.* at 5.)

In order to prevail under a promissory estoppel theory under Michigan law, a plaintiff must establish: (1) a promise; (2) that the promisor reasonably should have

expected to induce action of a definite and substantial character on the part of the promisee; (3) that the promise produced an actual reliance or forbearance; and (4) that the claimed reliance or forbearance occurred under circumstances requiring an enforcement of the promise in order to avoid an injustice. *Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, 280 Mich. App. 16, 41, 761 N.W.2d 151, 166 (2008).

While Plaintiffs have alleged elements one through three, the gist of Plaintiffs' claims is that Defendant would do "all they can to prevent avoidable foreclosures" and "preserve homeownership." (Second Am. Comp., Mot. to File Second Am. Compl. Ex. 1, ECF No. 17, at ¶¶ 29, 34.) Only one alleged statement was made before the sheriff's sale occurred in this case. Moreover, there are no allegations that Defendant promised to modify the loan and, based on their actions, Plaintiffs apparently believed that the representations only related to an opportunity to request review of the foreclosure. (*Id.*) Moreover, given that the requests for review were submitted on December 31, 2012 and March 15, 2013, years after the property at issue was foreclosed, the Court cannot discern how the allegations relate to the relief requested. (*Id.*)

Count II of Plaintiffs' proposed Second Amended Complaint does not suffice to establish an irregularity in connection with the foreclosure proceedings and granting Plaintiffs' request for leave to file the amendment would therefore be futile.

### 3. *Count IV: Violation of Michigan's Loan Modification Law*

In Count IV of the proposed Second Amended Complaint, Plaintiffs challenge the foreclosure on the basis that Plaintiffs qualified for a loan modification, Defendant did not offer a loan modification, and that Defendant therefore failed to satisfy a condition

9

precedent to the foreclosure sale.  (Second Am. Comp., Mot. to File Second Am. Compl. Ex. 1, ECF No. 17, at ¶¶ 58-59.)  Interestingly, the Independent Foreclosure Review form submitted by Dsouza, the only Plaintiff who was actually a party to the mortgage, on December 31, 2012 provides that he does not believe that he was denied a modification when he qualified under the applicable program rules.  (Request for Review Form, Pls.' Mot. Prelim. Inj., Ex. 1, ECF No. 2, at 3.)

Michigan's loan-modification statute "does not require [Defendant] to modify any specific loan, and it does not provide any basis for unwinding the foreclosure." *Ellison v. JPMorgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to set aside a completed foreclosure sale.").  Rather, the sole "remedy for a breach of [Michigan's] loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'" *Block v. BAC Home Loans Servicing, L.P.*, No. 12-1955, 2013 U.S. App. LEXIS, at *5 (6th Cir. Mar. 26, 2013) (unpublished) (citing Mich. Comp. Laws § 600.3205c(8)).  In the instant action, the foreclosure is complete and the Court is without authority to set aside the foreclosure sale.

As such, Count IV of Plaintiffs' proposed Second Amended Complaint lacks merit and permitting amendment would be futile.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiffs' proposed Second Amended Complaint fails to cure the deficiencies the Court found in denying Plaintiffs' Motion for Preliminary Injunction.

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' February 20, 2013 Motion to Amend is **MOOT**;

**IT IS FURTHER ORDERED** that Plaintiffs' March 20, 2013 Motion to File Second Amended Complaint is **DENIED**.

Date: April 10, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Edward L. Johnson
494 Pleasant Street
Birmingham, MI 48009

Ronald Dsouza
494 Pleasant Street
Birmingham, MI 48009

Patrick C. Lannen
Matthew J. Boettcher

11